```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                              AT ROANOKE, VA
                                                                   FILED

                                                              AUG 0 1 2007
       IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF VIRGINIA            JOHN F. CORCORAN, CLERK
                  ROANOKE DIVISION                     BY:
                                                            DEPUTY CLERK
```

| | |
|---|---|
| **ROBERT STEVEN JOYCE,** | ) Civil Action No. 7:07cv00339 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: **Samuel G. Wilson** |
| **CAPTAIN NELSON, et al.,** | ) **United States District Judge** |
| Defendants. | ) |

Plaintiff, Robert Steven Joyce, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that defendant Sgt. Deatherage used excessive force against him and violated his First Amendment right to free speech. On July 23, 2007, the court conditionally filed Joyce's claim requiring him to, among other things, amend his complaint to particularize his claims against each defendant. In response, Joyce filed additional evidence (Docket #4). The court will construe his additional evidence as a motion to amend his complaint to particularize his claims and will grant that motion. To the extent that Joyce alleges in his motion to amend that he has requested to see an eye doctor, but still has not seen one, the court will construes his allegation as a claim of denial of adequate medical care. Joyce seeks $10,000 in punitive damages.

The court finds that Joyce's complaint, as amended, fails to state a claim against defendants Captain Nelson and Sgt. Taylor; and, therefore, dismisses his claims against Nelson and Taylor without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The court also finds that his claim of denial of adequate medical treatment fails to state a claim against anyone; and, therefore, the court dismisses that claim without prejudice. Accordingly, only Joyce's excessive force and free speech claims against defendant Sgt. Deatherage will go forward.

**I.**

Joyce alleges that on July 3, 2007, he was served notification of a disciplinary charge with which he did not agree. He claims that upon receiving the notification, he sat on his bunk and "uttered" the word "fuck." He states that he was "seated and no threat to anyone." In response to him saying that word, he claims Sgt. Deatherage said, "[t]here is a lady here, Robert," and proceeded to mace Joyce in the eyes. Joyce alleges that he had a cornea transplant in his right eye and that he cannot use any eye drops in his eyes that could potentially dry out the cornea graft. He states that being sprayed directly in the eyes with the mace caused the skin on his face to burn and his eyes to excruciatingly sting with heat. He claims that he has requested to see an eye doctor, but has not yet seen one. Joyce also argues that by spraying him with mace for saying "fuck," Sgt. Deatherage violated his First Amendment right to free speech.

**II.**

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Joyce fails to make any allegation of fact against defendants Captain Nelson and Sgt. Taylor. Joyce was given an opportunity to amend his complaint to particularize the facts concerning the conduct of each defendant that violated his rights. Despite amending his complaint, Joyce failed to allege any fact against either Nelson or Taylor. Accordingly, the court dismisses his claims against these two defendants.

**III.**

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate deliberate indifference to a serious medical

need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Despite being given the opportunity to amend his petition, Joyce names no defendant to his medical care claim and, therefore, he cannot establish deliberate indifference. Accordingly, the court dismisses his medical care claim without prejudice.

IV.

For the reasons stated, the court will grant Joyce's motion to amend his complaint and dismiss his claims against defendants Nelson and Taylor and his claim regarding medical care, pursuant to § 1915(b)(1), for failure to state a claim. Joyce's excessive force and free speech claims against defendant Sgt. Deatherage will go forward by separate order.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This /5/ day of August, 2007.

United States District Judge